UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| WANDA L. THOMPSON, | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. |
| | ) | 6:20-cv-256-JMH |
| v. | ) | |
| | ) | **ORDER** |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
|     Defendant. | ) | |

\*\*\*

Plaintiff Wanda L. Thompson brings this matter under 42 U.S.C. § 405(g) seeking judicial review of an administrative decision of the Acting Commissioner of Social Security. This matter comes before the Court on Plaintiff's Motion to Remand and Appoint a Different Administrative Law Judge ("ALJ") [DE 12] arguing the ALJ who presided over Plaintiff's administrative hearing was not properly appointed pursuant to the Appointments Clause and the Supreme Court's decision in *Lucia v. Securities and Exchange Commission*, 138 S.Ct. 2044 (2018). In addition to her Motion to Remand [DE 12], Plaintiff incorrectly includes a Motion for 38 Page Brief [DE 17-1] as an attachment to her Motion for Summary Judgment [DE 17], which is presently before the Court with the Commissioner's Motion for Summary Judgment [DE 18]. Despite the Motion for 38 Page Brief [DE 17-1] being improperly filed as an

attachment, the Court will grant the Motion [DE 17-1] and consider the attached Memorandum in Support of Plaintiff's Motion for Summary Judgment [DE 17-3]. Unfortunately for Plaintiff, and to no apparent fault of her own, that is all the Court will grant in her favor.

Plaintiff raises several issues in the present appeal. First, she reasserts the Appointments Clause argument made in her Motion to Remand [DE 12]. [DE 17-3, at 30-31]. Second, she says that the overwhelming weight of the medical evidence, including the opinions of treating and examining source physicians, proves that she is totally disabled. *Id*. at 31-33. Third, she maintains that lay testimony conclusively demonstrates that she is disabled. *Id*. at 33-35. Fourth, she contends that the ALJ committed reversible error in failing to apply the Sixth Circuit's test for evaluating pain. *Id*. at 35-36. Fifth, and finally, she reasons that the testimony of the vocational expert indicates that she is totally disabled. *Id*. at 36-37.

The Court notes, and the Commissioner points out, *see* [DE 8-9], Plaintiff fails to provide any meaningful argument on the issues raised on appeal. Instead, Plaintiff states issues and provides applicable rules of law, but she fails to provide the requisite application of that law to the specific facts of this case. The Commissioner directs the Court's attention to a previous case before the undersigned, *Smith v. Berryhill*, 6:17-cv-261-JMH,

2

2019 WL 1429563, at *5 (E.D. Ky. Mar. 29, 2019), where Kenneth S. Stepp, the same counsel that is representing the present Plaintiff, utilized the exact same tactics. In *Smith*, the Court stated, "Generally, 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" 2019 WL 1429563, at *5 (quoting *Vasquez v. Astrue*, No. 6:12-cv-125-KSF, 2013 WL 1498895, at *6 (E.D. Ky. Apr. 11, 2013) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997))); *see also Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

Not only has Stepp failed to make any effort at properly arguing the issues in Plaintiff's briefing for her Motion for Summary Judgment [DE 17], but he has also failed to do the same in Plaintiff's Motion to Remand [DE 12], as he merely asserts that the ALJ was not properly appointed under *Lucia* without even bothering to explain qualification under *Lucia*. Stepp's lack of care for his client's case and the Court and Commissioner's time is worsened by the fact that the Memorandum [DE 12-1] attached to the Motion to Remand [DE 12] is nearly identical to the Motion to Remand [DE 12] and just as unhelpful, as it does nothing more than make the conclusive argument that the ALJ who presided over Plaintiff's hearing was not qualified under *Lucia*.

As the Court stated in *Smith*, "[T]his Court is not obliged to scour the entire record, looking for evidence that may support [Plaintiff's] claims." 2019 WL 1429563, at *5. In that case, the Court went on and considered the merits of the plaintiff's deficient motion for summary judgment, and the claims also failed on the merits. The Court will not do so here, as this is Stepp's second time bringing such a motion, and he should have taken the Court's decision in *Smith* as a warning for continuing such behavior in the future. Stepp has wasted enough of the Court's time without it crafting arguments for him. Plaintiff's claims are waived due to Plaintiff counsel's insufficient arguments specific to this case, so the Court need not consider Plaintiff's Motion [DE 17] on the merits.

While the Court need not consider the merits of Plaintiff's Motion to Remand [DE 12], as it is equally insufficient, it will do so just to further demonstrate Stepp's lack of attention given to his filings with this Court. Unlike Stepp, the Commissioner correctly explains appointments under *Lucia* as follows:

> In *Lucia*, the Supreme Court found that Security Exchange Commission (SEC) ALJs are "inferior officers" under the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, and therefore must be appointed by the President, a court, or the head of the agency. *Id.* at 2049. Even though *Lucia* addressed only the constitutional status of SEC ALJs, the Acting Commissioner of Social Security ratified the appointments of Social Security ALJ's on July 16, 2018. *See* Social Security Ruling (SSR) 19-1p, 2019 WL 1324866, at *2 (noting that the Commissioner ratified the appointment of ALJs on July 16, 2018).

4

[DE 15, at 1].

Here, the ALJ held the hearing on February 26, 2020, [Tr. 39-69], and issued her decision on April 1, 2020, [Tr. 16-38], so both the hearing and the decision occurred well after the Acting Commissioner ratified the appointment of the ALJ, meaning the ALJ was properly appointed. Had Stepp cared to look at the dates in the record, he, hopefully, would not have filed the obviously meritless Motion to Remand [DE 12]. Since Plaintiff's perfunctory arguments are waived and the ALJ was properly appointed, the Court will deny Plaintiff's Motion to Remand [DE 12] and Motion for Summary Judgment [DE 17] and grant the Commissioner's Motion for Summary Judgment. Moreover, the Court will direct Stepp to show good cause why his admittance to the United States District Court for the Eastern District of Kentucky should not be revoked for his conduct described herein and as exhibited previously in *Smith*. Accordingly,

**IT IS ORDERED** as follows:

(1) Plaintiff's Motion to Remand and Appoint a Different Administrative Law Judge [DE 12] is **DENIED;**

(2) Plaintiff's Motion for 38 Page Brief [DE 17-1] is **GRANTED,** and Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment [DE 17-3] shall be made a permanent part of the record;

(3) The Commissioner's final decision is **AFFIRMED;**

(4) Plaintiff's Motion for Summary Judgment [DE 17] is **DENIED;**

(5) Defendant's Motion for Summary Judgment [DE 18] is **GRANTED;**

(6) Judgment in favor of the Defendant will be entered separately; and

(7) On or before **September 23, 2021,** Kenneth S. Stepp shall **SHOW GOOD CAUSE** why his admittance to the United States District Court for the Eastern District of Kentucky should not be revoked.

This 16th day of September, 2021.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge